LILLIAN M. RAAB, PLAINTIFF, v. JOHN RAAB, DEFENDANT.

Superior Court of New Jersey
Chancery Division

Decided February 16, 1968.

*Mr. Norman J. Currie* argued the cause for plaintiff.

LANE, J. S. C. Plaintiff seeks an absolute divorce on the ground of extreme cruelty. A default having been entered against defendant, the matter proceeded uncontested.

On April 30, 1965, in a prior action there was a judgment for divorce from bed and board entered on behalf of plaintiff and against defendant, which provided that defendant was to pay plaintiff the sum of $25 per week for her support and

maintenance. The facts supporting that judgment are the same facts upon which plaintiff is relying for absolute divorce.

Since the date of the prior judgment there has been no reconciliation, no sexual relations between the parties and no payment made by defendant under the judgment. Plaintiff testified that in the earlier action she sought a judgment from bed and board because of religious scruples and also because she felt that such a divorce would cause defendant to mend his ways. The effect of the judgment of divorce from bed and board not being what she had hoped for, she now seeks an absolute divorce. In addition, she wishes to remarry.

The question is whether plaintiff is barred by the doctrine of election of remedies or entitled to an absolute divorce without having to adduce testimony concerning the acts of extreme cruelty by reason of the principles of *res judicata*.

A substantial segment of the bar is under the impression that plaintiff is barred under *dictum* in *Hofman v. Hofman*, 108 *N. J. Eq.* 161 (*Ch.* 1931). Advisory Master Child, in holding that under the facts of that case plaintiff was not barred by the doctrine of election of remedies, stated at the conclusion of his opinion:

"Where a divorce from bed and board has been decreed for either adultery or desertion, under the provisions of the Divorce act (*P. L.* 1907 *p.* 374 § 3), the party holding such decree would not have the right to a decree for absolute divorce based upon the same ground as that upon which the decree for divorce from bed and board has been entered. In such a case the doctrine of election of remedies would apply." (at *p.* 166)

Chancellor Walker adopted the conclusions of the Advisory Master as the opinion of the court.

██ That opinion was not referred to in *Tremarco v. Tremarco*, 117 *N. J. Eq.* 50 (*E. & A.* 1934). In that case the advisory master had recommended dismissal of a petition for divorce on the ground of desertion because there had been a decree of separation from bed and board granted to petitioner in the State of New York. In reversing, the court pointed out that at the time the petition was filed in New

York, although a full two years of desertion had accrued, under the laws of New York, the most that the injured party could obtain was a divorce from bed and board. It was held that the doctrine of election of remedies did not apply. The court stated:

"The rule of election of remedies is that one cannot approbate and reprobate. He cannot treat his rights upon one theory of right and thereafter seek a remedy inconsistent with such prior proceeding. This principle is elucidated in the case of *Claron v. Thommessen,* 96 *N. J. Eq.* 650, and also in the earlier case of *Titus v. Phillips,* 18 *N. J. Eq.* 541. See, also, 20 *Corp. Jur.* 3. The doctrine is not applicable in the present case for the reason that the remedy here sought by the appellant is not inconsistent with the earlier case, but for the further relief which the courts of this state alone could give." (at *pp.* 51–52)

In concluding the opinion, the court held that a divorce from bed and board and an absolute divorce were not inconsistent, stating:

"We prefer, however, to put it upon the fundamental ground that the action in New York, disregarding the knowledge or want of knowledge of the true facts on the part of the wife, did not constitute an election, inasmuch as the two actions are not inconsistent, one with the other, but that the action in this state is for the further relief based upon the same ground as that presented in the New York courts and which *incidentally* the courts of that state were unable to give." (at *p.* 54; emphasis added)

See 12 *N. J. Practice* (*Herr, Marriage, Divorce and Separation*) (*3d ed.* 1963), § 1576. The *dictum* in *Hofman v. Hofman, supra,* to the contrary, is not the law of this State.

Therefore, plaintiff is not barred by the doctrine of election of remedies.

■ The facts which plaintiff must prove to be entitled to an absolute divorce in this action are exactly the same facts which she did prove to obtain the judgment of divorce from bed and board. By that judgment in the earlier suit, it was established that defendant's actions were such as to constitute extreme cruelty so as to entitle plaintiff to a divorce.

Regardless of the name given to the action taken by the court, *e.g., res judicata, estoppel,* it is held that litigants are concluded not only as to issues that were before the court but as to any other matter which should have been raised. *Morrissey v. Morrissey,* 1 *N. J.* 448 (1949) ; *Hiers v. Hiers,* 132 *N. J. Eq.* 610 (*E. & A.* 1942) ; *Nuzzi v. United States Casualty Co.,* 121 *N. J. L.* 249, 259 (*E. & A.* 1938) ; *Popovics v. Popovics,* 98 *N. J. Eq.* 350 (*E. & A.* 1925) ; *Martin v. Martin,* 26 *N. J. Super.* 541 (*Ch. Div.* 1953) ; *Locher v. Locher,* 112 *N. J. Eq.* 25 (*Ch.* 1932) ; *cf. Desmond v. Kramer,* 96 *N. J. Super.* 96 (*Law Div.* 1967). See also *Annotation* 138 *A. L. R.* 346 (1942), supplemented by 90 *A. L. R. 2d* 745 (1963).

■■ The court will take judicial notice of the pleadings and judgment for divorce from bed and board in the prior action. The court finds that the evidence, which has been corroborated, establishes that plaintiff has continued to be a resident of the State of New Jersey; that there has been no reconciliation between plaintiff and defendant, and that there have been no sexual relations between the parties since the date of the judgment for divorce from bed and board.

There will be a judgment *nisi* for absolute divorce on the ground of extreme cruelty.